## STRAMIELLO v. PARSONS TRADING CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. SALES (§ 188*)—BREACH OF CONTRACT—REMEDIES OF PARTIES.
    Where defendant, ordering goods from plaintiff to be shipped to a customer, notified plaintiff that the goods were defective, and plaintiff requested defendant to do what he could to have the goods accepted, and that plaintiff would pay the expenses involved, and plaintiff was informed that part of the goods were held on tracks subject to shipping orders, and that part of the goods was finally rejected, whereupon plaintiff requested defendant to ship the same to another place and that he would pay the expenses, the expenses incurred included freight and demurrage charged by the carrier for the occupation of its car.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 500–503; Dec. Dig. § 188.*]

2. SALES (§ 358*)—BREACH OF CONTRACT—REMEDIES OF PARTIES.
    Where a seller was liable to the buyer for freight and demurrage charged by carrier, the amount thereof was sufficiently proved by the buyer showing that it had paid the carrier's bill to a specified amount for those items.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049–1055; Dec. Dig. § 358.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles Stramiello against the Parsons Trading Company. From a judgment involving a dismissal of a counterclaim of defendant, it appeals. Reversed, and new trial granted.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Parsons, Closson & McIlvaine, of New York City (Edward C. Sperry, of New York City, and William E. Carnochan, of New York City, of counsel), for appellant.

Nicholas Selvaggi, of New York City (Ernest W. Stuart, of New York City, of counsel), for respondent.

BIJUR, J. [1] Defendant ordered goods from plaintiff, to be shipped to one of defendant's customers. When the goods arrived, they were found to be defective in certain particulars. Defendant so notified plaintiff, who told defendant to do what it could to have the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

goods accepted, and that plaintiff would pay the expenses or the loss involved. Both by letter and conversations, plaintiff was informed that part of the goods were being "held on the tracks subject to our shipping orders." This part of the goods was ultimately totally rejected by the customer, whereupon plaintiff told the defendant to ship them to another place, and that he would pay the expense.

[2] The items of expense which the learned court below declined to allow were for freight and demurrage charged by the railroad for occupation of its car. I think that these items were within both the implied and express terms of the plaintiff's promise to pay the expense, and that they were sufficiently proved, under the circumstances of this case, by defendant's showing that it had paid the railroad's bill to that amount and for those items.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.